```
                                                                    FILED
IN THE UNITED STATES DISTRICT COURT              APR 2 5 2019
     FOR THE DISTRICT OF MONTANA              Clerk, U.S District Court
           HELENA DIVISION                       District Of Montana
                                                      Missoula
```

| | |
|---|---|
| MICHAEL W. HUNTER, | CV 19-00074-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| JOHN JOHNSTON, | |
| Defendant. | |

Plaintiff Michael Hunter, a prisoner proceeding without counsel, has filed a pleading which the Court has construed as a proposed Complaint (Doc. 1). Mr. Hunter alleges that United States Magistrate Judge Johnston misrepresented himself and does not have the legal authority to require Mr. Hunter to provide a copy of his account statement. This matter will be dismissed based upon judicial immunity.

The Court assumes Mr. Hunter is referring to Judge Johnston's April 8, 2019 Order (Doc. 4) in Civil Action No. 19-cv-00022-H-BMM-JTJ. In that case, Mr. Hunter filed a Complaint and an Affidavit of Inability to Pay Filing Fees and Other Costs but he did not submit an account statement with his filings. In the April 8, 2019 Order, Judge Johnston correctly indicated that 28 U.S.C. § 1915(a)(2) requires that a prisoner seeking to proceed in forma pauperis must

1

submit an account statement. Judge Johnston therefore required Mr. Hunter to submit a certified copy of his prison trust account.

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) *cert. denied*, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

28 U.S.C. § 1915(a)(2) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Pursuant to this statute, United States Magistrate Judge Johnston has subject matter jurisdiction to require Mr. Hunter to provide a copy of his prison account statement as Mr. Hunter is a prisoner seeking to proceed in forma pauperis. Accordingly, Judge Johnston is entitled to judicial immunity and this matter will be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. This matter is DISMISSED based upon judicial immunity.

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Hunter's claims are patently frivolous and judicial immunity is plainly applicable.

DATED this 25th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court